**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

MAY 1 9 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, GREGORY D. BROWN, T.F. BIELSKI, TIMOTHY D. BAYNES, VICTOR S. GARZA, C.J. KLAUSNER, MITCHELL W. CRENSHAW, CHARLES D. HURLEY, SPENCER M. COKER, RAMUDO MANTALVO JR., J.D. WALTMON, RAY A. OLESEN, ROGELIO RODRIGUEZ, RAMSEY VELEZ, DON SIMERLY, ANDREW J. WASHINGTON, CRAIG BIGGER, DONALD J. CULAK, RICHARD V. WILSON, MICHAEL L. SKILLERN, DEREK P. FOLLIS, JAMES L. CROWSER OSCAR H. ORTEGON SR., RONALD L. DAVISON, THERESA CURRY, DAN SPJUT, E.L. WHITAKER, FRANCES ORTIZ, THOMAS P. NULL *Plaintiffs,* VS. THE CITY OF HOUSTON, *Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § § | **H 05 - 1793** CIVIL ACTION NO._____ **NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, City of Houston, hereby removes to this Court

civil action No. 2005-24125 from the 334th Judicial District Court of Harris County for the reasons

delineated below. Defendant requests and consents to this removal.

I.

## BACKGROUND

1.   On April 11, 2005 an action was commenced in the 334th Judicial District Court of Harris

County, entitled Glenn Shepherd, Thomas Spjut, Gregory D. Brown, T. F. Bielski, Timothy

D. Baynes, Victor S. Garza, C.J. Klausner, Mitchell W. Crenshaw, Charles D. Hurley,

Spencer M. Coker, Ramudo Mantalvo Jr., J. D. Waltmon, Ray A. Olesen, Rogelio

Rodriguez, Ramsey Velez, Don Simerly, Andrew J. Washington, Craig Bigger, Donald J.

Culak, Richardwilson, Michael L. Skillern, Derekp. Follis, James L. Crowser, Oscar H.

Ortegon Sr., Ronald L. Davison, Theresa Curry, Dan Spjut, E. L. Whitaker, Frances Ortiz,

Thomas P. Null vs. City of Houston, Defendant, under Cause Number 2005-24125. See Exhibit 1.

2. The first date upon which Defendant received a copy of the said petition was April 19, 2005, when Defendant was served with a copy of the said petition and a citation from the said State court. A copy of the citation is attached hereto. See Exhibit 2.

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it allegedly arises under the "Fair Labor Standards Act" (FLSA) 29 U.S. C. § 201-209.

4. The City is the only Defendant in this case.

II.

## JURISDICTION AND VENUE

5. Venue of this removed action is prescribed by 28 U.S.C.§1446 and properly lies in the Houston Division of the Southern District of Texas, the district division where Plaintiffs' civil action was filed.

III.

## THE PARTIES

6. The Plaintiffs are a residents of the United States who are employed by Defendant the City of Houston in Houston, Harris County, Texas.

7. Defendant, City of Houston, Texas, is a home rule city situated in Harris County, Texas.

IV.

## REMOVAL

8. By virtue of the time limits imposed under the statue governing the procedure for removal, this notice of removal is timely under 28 U.S.C. §1446(b).

9. Pursuant to Local Rule 81, copies of all state court pleadings and the docket sheet are attached hereto.

10. To Defendant's knowledge, there are no other active pleadings or orders other than what has

2

been cited in this Notice at the time of this removal.

Dated: May 19, 2005.

MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice)
(713) 247-1017 (FAX)

ATTORNEY-IN-CHARGE    FOR
DEFENDANT

**OF COUNSEL:**

ARTURO G. MICHEL
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant City of Houston's Notice of Removal has been forwarded to Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007, by depositing a copy of same in the U. S. Mail, certified return receipt requested, on 19th day of May, 2005.

MARCUS L. DOBBS

H:\DOBBS\LAWSUIT\SHEPHERD\REMOVAL.WPD

3

TAB 1

2 0 0 5 - 2 4 1 2 5



CAUSE NO. _____

| | | |
|---|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, | § | IN THE DISTRICT COURT OF |
| GREGORY D. BROWN, T.F. BIELSKI, | § | |
| TIMOTHY D. BAYNES, VICTOR S. GARZA, | § | |
| C.J. KLAUSNER, MITCHELL W. | § | |
| CRENSHAW, CHARLES D. HURLEY, | § | |
| SPENCER M. COKER, RAMUDO | § | |
| MANTALVO JR., J.D. WALTMON, | § | |
| RAY A. PEARSON, JERRY MONTGOMERY, | § | |
| JEFFREY A. OLESEN, ROGELIO RODRIGUEZ, | § | |
| RAMSEY VELEZ, DON SIMERLY, | § | HARRIS COUNTY, TEXAS |
| ANDREW J. WASHINGTON, CRAIG BIGGER, | § | |
| DONALD J. CULAK, RICHARD V. WILSON, | § | |
| MICHAEL L. SKILLERN, DEREK P. FOLLIS, | § | |
| JAMES L. CROWSER, OSCAR H. ORTEGON | § | |
| SR., RONALD L. DAVISON, THERESA CURRY | § | |
| DAN SPJUT, E.L. WHITAKER, | § | |
| FRANCES ORTIZ, THOMAS P. NULL | § | |
| | § | |
| VS. | § | |
| | § | *334* |
| CITY OF HOUSTON | § | _____ JUDICIAL COURT |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Plaintiffs, GLENN SHEPHERD, THOMAS SPJUT, GREGORY D.

BROWN, T.F. BIELSKI , TIMOTHY D. BAYNES, VICTOR S. GARZA, C.J. KLAUSNER,

MITCHELL W. CRENSHAW, CHARLES D. HURLEY, SPENCER M. COKER, RAMUDO

MANTALVO JR., J.D. WALTMON, RAY A. PEARSON, JERRY MONTGOMERY, JEFFREY

A. OLESEN, ROGELIO  RODRIGUEZ, RAMSEY VELEZ, DON SIMERLY,  ANDREW J.

WASHINGTON, CRAIG BIGGER, DONALD J. CULAK, RICHARD V. WILSON, MICHAEL

L. SKILLERN, DEREK P. FOLLIS, JAMES L. CROWSER, OSCAR H. ORTEGON  SR.,

RONALD L. DAVISON, THERESA CURRY, DAN SPJUT, E.L. WHITAKER, FRANCES ORTIZ

and THOMAS P. NULL and file this their Original Petition c ... : City of

Houston (hereinafter referred to as "The City" ) and in suppc ... e court

the following:

## I
## PARTIES

Plaintiffs are all residents of Harris County, Texas.

Defendant The City of Houston, is a municipality of Harris County.  The incident made the

basis of this suit arose in whole or in part out of business transacted in Texas by this Defendant.

Service upon The City of Houston can be made upon the Mayor, Bill White at his office located at

900 Bagby, Houston, Texas 77002.   The Clerk is requested to issue citation at this time.

## II
## DISCOVERY TRACK

Plaintiffs intend to conduct discovery under level 3 as provided in Rule 190 of the Texas

Rules of Civil Procedure.

## III
## VENUE

The controversy relating to the above entitled and numbered cause of action falls within this

Court's general jurisdiction, and the amount in controversy in this case exceeds the Court's minimum

jurisdictional limits.  Venue is proper in this case since the Plaintiffs are residents of Harris County,

Texas and the basis of the cause of action brought by the Plaintiffs arose in Harris County, Texas.

## IV
## PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

The Plaintiffs are employees of the named Defendant. Plaintiffs are Houston Police Officers

who hold the rank of Sergeant and above.  In June of 2001, Plaintiffs agreed , by and through a meet

and confer agreement, that their positions would be classified as "Exempt" for the purposes of overtime.    In exchange for this agreement, Plaintiffs were allowed to claim Exempt Time Compensation. Exempt Time Compensation was valuable to the Plaintiffs because it impacted their retirement compensation favorably. In July of 2004, The City informed the Plaintiffs that the meet and confer agreement would no longer be honored by The City starting on August 23, 2004. The City announced unilaterally that Plaintiffs would no longer be eligible for Exempt Time Compensation and would instead be paid overtime for hours worked over 40 hours a week . But for the meet and confer agreement, the Plaintiffs would have been eligible for overtime compensation for hours worked over 40 per week since June of 2001 pursuant to the Fair Labor Standards Act. The rejection of the meet and confer agreement and the loss of the eligibility for Exempt Time Compensation results in the Plaintiffs losing the benefit of enhancing their retirement benefits and the loss of overtime compensation for the time period of June 2001 to August 23, 2004.  Plaintiffs all worked over 40 hours a week between June of 2001 and August 23, 2004.  Plaintiffs were not paid overtime in accordance with the Fair Labor Standards Act during this time period. The loss of the continued ability to claim Exempt Time Compensation until the time of retirement renders the consideration for the meet and confer agreement valueless to the Plaintiffs.  Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work. See 29 U.S.C. 207(a).  Plaintiffs are non-exempt employees who have been denied overtime pay as required by law, and file this action to recover unpaid overtime compensation owed to them for the three year period prior to August 23, 2004.   At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. 203(d).  At all material times, Defendant has been an enterprise within the meaning of 3(r) of the

FLSA. 29 U.S.C. 203(r). At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 USC 206-207. Defendant's method of paying Plaintiffs was not based on a good faith and reasonable belief that its conduct was in compliance with the FLSA.

**V**
### CAUSES OF ACTION

The named Defendant's refusal to pay overtime is a violation of the Fair Labor Standards Act including but not limited to 29 U.S.C. 206,207 and 215(a) (3). None of the exceptions provided by the federal statutes regulating the duty of employers to pay overtime at a rate not less that one and a half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs.

**VI**
### DAMAGES AND REMEDIES SOUGHT

Plaintiffs individually and on behalf of all similarly situated employees seek all statutory, common law and equitable remedies to which they are entitled including but not limited to the following:

a.    Back Pay for unpaid overtime;

b.    Liquidated Damages;

c.    Attorney's Fees and Costs of Court;

d.    Injunctive Relief Prohibiting any retaliation against Plaintiffs who are presently employed by the Defendant both during the pendency of this litigation and after the conclusion of this litigation. Plaintiffs pray that the Defendant be enjoined from any form of retaliation against presently employed Plaintiffs including but not limited to, termination, reduction in wage, reduction

of hours worked, harassment, intimidation, threats or actions taken concerning the immigration status of the Plaintiffs or any other activity designed to cause an adverse effect upon the Plaintiffs in an effort to cause the Plaintiffs to abandon or compromise their claims;

e.      Injunctive relief commanding the Defendant to comply fully with the Fair Labor Standards Act as it applies to all employees in the future.

## VIII
## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

## IX
## CONDITIONS PRECEDENT

All conditions precedent either have occurred or have been performed prior to the filing of this action.


WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited and caused to appear before this court and upon full trial of all issues that Plaintiffs be accorded full relief including but not limited to over time back pay, liquidated damages, attorney's fees and court costs, injunctive relief, pre-judgment and post judgement interest and any other relief or remedy to which they prove they are entitled.

Respectfully Submitted,

THE KERENSKY LAW FIRM

MICHAEL KERENSKY
SBN: 11331500
5300 Memorial, Suite 950
Houston, Texas 77007
(713)522-8686: Telephone
(713)522-6925: Telecopier

Jeffrey Marsh - with permission Mu
JEFFREY MARSH

ATTORNEYS FOR THE PLAINTIFFS

CAUSE NO. 200524125

RECEIPT NO. 227048          50.00          CO1
04-11-2005                              TR # 71900493

PLAINTIFF: SHEPHERD, GLENN                      In The  334th
        vs.                                     Judicial District Court
DEFENDANT: CITY OF HOUSTON                       of Harris County, Texas
                                                334TH DISTRICT COURT
                                                Houston, TX

                        CITATION

THE STATE OF TEXAS
County of Harris

TO: CITY OF HOUSTON BY SERVING THE MAYOR BILL WHITE
    900 BAGBY HOUSTON TX 77002

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of April, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 15th day of April, 2005, under my hand and
seal of said Court.

Issued at request of:                           CHARLES BACARISSE, District Clerk
KERENSKY, MICHAEL                               Harris County, Texas
5300 MEMORIAL #950                              301 Fannin       Houston, Texas 77002
HOUSTON, TX 77007                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 522-8686
Bar No.: 11331500                               BY _____
                                                Deputy BRADEN, MADELYN MARI 4JU/RGX/7164866

            OFFICER/AUTHORIZED PERSON RETURN

                    CONSTABLE'S RETURN

Came to hand on the 19 day of APRIL A.D. 2005 at 9:44 o'clock A M.,
and executed in Harris County, Texas, by delivering to each of the within named defendants, in person, a true copy of this citation

            PLAINTIFF'S ORIGINAL PETITION

at the following times and places, to-wit:

NAME By Summoning City of Houston By
Dalivering to Mayor Bill White By
Delivering To Anna Russell, City Secretary.

| DATE | | | TIME | | ADDRESS OF SERVICE |
|------|------|------|------|------|------|
| Month | Day | Year | Hour | Min. | M |
| 4 | 19 | 2005 | 2 | 20 Pm | 900 Bagby, Houston, TX 77002 |

FEES - Serving _____ 1 ✗ .50.00        JACK F. ABERCIA
                                        Constable, Precinct No. 1, Harris County, Texas

                                        By _____ HC67 Deputy

CAUSE NO. 2005-24125

GLENN SHEPHERD, THOMAS SPJUT,　§　　IN THE DISTRICT COURT
GREGORY D. BROWN, T.F. BIELSKI,　§
TIMOTHY D. BAYNES, VICTOR S.　§　　OF HARRIS COUNTY, TEXAS
GARZA, C.J. KLAUSNER, MITCHELL W.§
CRENSHAW, CHARLES D. HURLEY,　§
SPENCER M. COKER, RAMUDO　§
MANTALVO JR., J.D. WALTMON, RAY　§
A. OLESEN, ROGELIO RODRIGUEZ,　§
RAMSEY VELEZ, DON SIMERLY,　§
ANDREW J. WASHINGTON, CRAIG　§
BIGGER, DONALD J. CULAK, RICHARD§
V. WILSON, MICHAEL L. SKILLERN,　§
DEREK P. FOLLIS, JAMES L. CROWSER§
OSCAR H. ORTEGON SR., RONALD L.　§
DAVISON, THERESA CURRY, DAN　§
SPJUT, E.L. WHITAKER, FRANCES　§
ORTIZ, THOMAS P. NULL　§
　　　　　　　　　*Plaintiffs,*　§
VS.　§
　§
THE CITY OF HOUSTON,　§　　334TH JUDICIAL DISTRICT
　　　　　　　　　*Defendant.*　§

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, the City of Houston ("City"), and files Defendant's Affirmative Defenses

and Answer to Plaintiffs' Original Petition and would show the court as follows:

### Affirmative Defenses

*First Defense*

The City affirmatively pleads and/or claims all of the exceptions and exemptions from, and

limitations on liability provided by the Texas Tort Claims Act, Section 101.001 et. seq., Texas Civil

Practice and Remedies Code, including the notice requirement of Section 101.001 thereof.

*Second Defense*

The City of Houston is entitled to Governmental immunity against any claim that is not specifically allowed under statutory action.

### General Denial

Pursuant to Tex.R.Civ.P. 92, Defendant denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof.

### Prayer

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiffs take nothing by this suit and that the Petition be dismissed and Defendant be awarded its costs, and such other relief at law and in equity to which it may be justly entitled.

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

By: _____

MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice)
(713) 247-1017 (FAX)
ATTORNEY-IN-CHARGE FOR
DEFENDANT

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Affirmative Defenses and Answer has been served upon Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007 by depositing a copy of same in the U. S. Mail, certified return receipt requested, on 16th day of May 2005.

_____

MARCUS L. DOBBS

H:\DOBBS\LAWSUIT\SHEPHERD\ANSWER.WPD

**2005-24125**

FILED:  04/11/2005

GENERAL ORDER OF THE COURT _____ 334TH

SHEPHERD, GLENN
　　　　　　PLAINTIFFS
KERENSKY, MICHAEL

　　　　　　　　　　　Attorney

Jury Fee Paid By:

## NATURE OF ACTION

DAMAGES (OTH)

VS.

CITY OF HOUSTON
　　　　　　DEFENDANTS

　　　　　　　　　　　Attorney

**SETTINGS**

SURETIES ON COST BOND:

TAB 2

CAUSE NO. 200524125

| RECEIPT NO. 227048 | 50.00 | CO1 |
| 04-11-2005 | | TR # 71900493 |

PLAINTIFF: SHEPHERD, GLENN
vs.
DEFENDANT: CITY OF HOUSTON

In The  334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: CITY OF HOUSTON BY SERVING THE MAYOR BILL WHITE
900 BAGBY  HOUSTON, TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of April, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 15th day of April, 2005, under my hand and
seal of said Court.

Issued at request of:
KERENSKY, MICHAEL
5300 MEMORIAL #950
HOUSTON, TX 77007
Tel: (713) 522-8686
Bar No.: 11331500

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

BY _Madelyn Braden_
Deputy BRADEN, MADELYN MARI 4JU/RGX/7164866

---

OFFICER/AUTHORIZED PERSON RETURN

CONSTABLE'S RETURN

Came to hand on the _19_ day of _APRIL_ A.D. _2005_ at _9:44_ o'clock _A_ M.,
and executed in Harris County, Texas, by delivering to each of the within named defendants, in person, a true copy of this CITATION

**PLAINTIFF'S ORIGINAL PETITION**

at the following times and places, to-wit:

NAME By Summoning City of Houston By
Delivering To Mayor Bill White By
Delivering To Anna Russell, City Secretary.

| DATE | | | TIME | | | ADDRESS OF SERVICE |
| Month | Day | Year | Hour | Min. | M | |
| 4 | 19 | 2005 | 2 | 20 | Pm | 900 Bagby, Houston, TX 77002 |

FEES - Serving _____ 1 ____ X .50.00

JACK F. ABERCIA
Constable, Precinct No. 1, Harris County, Texas

_____ #C67 Deputy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, GREGORY D. BROWN, T.F. BIELSKI, TIMOTHY D. BAYNES, VICTOR S. GARZA, C.J. KLAUSNER, MITCHELL W. CRENSHAW, CHARLES D. HURLEY, SPENCER M. COKER, RAMUDO MANTALVO JR., J.D. WALTMON, RAY A. OLESEN, ROGELIO RODRIGUEZ, RAMSEY VELEZ, DON SIMERLY, ANDREW J. WASHINGTON, CRAIG BIGGER, DONALD J. CULAK, RICHARD V. WILSON, MICHAEL L. SKILLERN, DEREK P. FOLLIS, JAMES L. CROWSER OSCAR H. ORTEGON SR., RONALD L. DAVISON, THERESA CURRY, DAN SPJUT, E.L. WHITAKER, FRANCES ORTIZ, THOMAS P. NULL  *Plaintiffs,*  VS.  THE CITY OF HOUSTON,  *Defendant.* | § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. |

**PROOF OF SERVICE OF NOTICE TO ADVERSE PARTY
OF REMOVAL TO FEDERAL COURT**

Marcus L. Dobbs certifies and declares as follows:

I am over the age of 18 years and not a party to this action. My business address is City of Houston Legal Department, P. O. Box 1562, Houston, Texas 77251, which is located in the city, county and state where the mailing described below took place.

On May 19, 2005, I deposited in the United States Mail at Houston, Texas, a copy of the Notice to Adverse Party of Removal to Federal Court a copy of which is attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2005.

MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice)
(713) 247-1017 (FAX)

ATTORNEY-IN-CHARGE    FOR
DEFENDANT

**OF COUNSEL:**

ARTURO G. MICHEL
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant City of Houston's Proof of Service of Notice to Adverse Party of Removal to Federal Court has been forwarded to Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007, by United States mail, certified, return receipt requested, on the 19th day of May, 2005.

MARCUS L. DOBBS

H:\DOBBS\LAWSUIT\SHEPHERD\REMOVAL.WPD

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GLENN SHEPHERD, THOMAS SPJUT,** | § | |
| **GREGORY D. BROWN, T.F. BIELSKI,** | § | |
| **TIMOTHY D. BAYNES, VICTOR S.** | § | |
| **GARZA, C.J. KLAUSNER, MITCHELL W.** | § | |
| **CRENSHAW, CHARLES D. HURLEY,** | § | |
| **SPENCER M. COKER, RAMUDO** | § | |
| **MANTALVO JR., J.D. WALTMON, RAY** | § | |
| **A. OLESEN, ROGELIO RODRIGUEZ,** | § | |
| **RAMSEY VELEZ, DON SIMERLY,** | § | |
| **ANDREW J. WASHINGTON, CRAIG** | § | |
| **BIGGER, DONALD J. CULAK, RICHARD** | § | **CIVIL ACTION NO.** |
| **V. WILSON, MICHAEL L. SKILLERN,** | § | |
| **DEREK P. FOLLIS, JAMES L. CROWSER** | § | |
| **OSCAR H. ORTEGON SR., RONALD L.** | § | |
| **DAVISON, THERESA CURRY, DAN** | § | |
| **SPJUT, E.L. WHITAKER, FRANCES** | § | |
| **ORTIZ, THOMAS P. NULL** | § | |
| *Plaintiffs,* | § | |
| **VS.** | § | |
| | § | |
| **THE CITY OF HOUSTON,** | § | |
| *Defendant.* | § | |

## <u>LIST OF ALL COUNSEL OF RECORD</u>

**<u>COUNSEL FOR PLAINTIFF:</u>**

MICHAEL KERENSKY
The Kerensky Law Firm
5300 Memorial, Suite 950
Houston, Texas 77007
(713) 522-8686 Telephone; (713) 522-6925 Fax

**<u>COUNSEL FOR DEFENDANT:</u>**

MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice); (713) 247-1017 (FAX)

Respectfully submitted,

MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice)
(713) 247-1017 (FAX)

**OF COUNSEL:**

ARTURO G. MICHEL
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant City of Houston's List of All Counsel of Record has been forwarded to Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007, by United States mail, certified, return receipt requested, on the 19th day of May, 2005.

H:\DOBBS\LAWSUIT\SHEPHERD\REMOVAL.WPD

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, GREGORY D. BROWN, T.F. BIELSKI, TIMOTHY D. BAYNES, VICTOR S. GARZA, C.J. KLAUSNER, MITCHELL W. CRENSHAW, CHARLES D. HURLEY, SPENCER M. COKER, RAMUDO MANTALVO JR., J.D. WALTMON, RAY A. OLESEN, ROGELIO RODRIGUEZ, RAMSEY VELEZ, DON SIMERLY, ANDREW J. WASHINGTON, CRAIG BIGGER, DONALD J. CULAK, RICHARD V. WILSON, MICHAEL L. SKILLERN, DEREK P. FOLLIS, JAMES L. CROWSER OSCAR H. ORTEGON SR., RONALD L. DAVISON, THERESA CURRY, DAN SPJUT, E.L. WHITAKER, FRANCES ORTIZ, THOMAS P. NULL *Plaintiffs,* <br><br> VS. <br><br> THE CITY OF HOUSTON, *Defendant.* | § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. |

## INDEX OF STATE COURT DOCUMENTS

1.  Plaintiff's Original Petition

2.  Citation

3.  Affirmative Defenses and Answer

4.  General Order of the Court Sheet (docket sheet)

Respectfully submitted,

_____
MARCUS L. DOBBS
Senior Assistant City Attorney
SBN 05921500
P.O. Box 1562
Houston, TX 77251
(713) 247-1517 (Voice)
(713) 247-1017 (FAX)

**OF COUNSEL:**

**OF COUNSEL:**

ARTURO G. MICHEL.
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Defendant City of Houston's Index of State Court Documents has been forwarded to Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007, by United States mail, certified, return receipt requested, on the 19th day of May, 2005.

                                            MARCUS L. DOBBS

H:\DOBBS\LAWSUIT\SHEPHERD\REMOVAL.WPD

2

2 0 0 5 - 2 4 1 2 5

CAUSE NO. _____

| | | |
|---|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, | § | IN THE DISTRICT COURT OF |
| GREGORY D. BROWN, T.F. BIELSKI, | § | |
| TIMOTHY D. BAYNES, VICTOR S. GARZA, | § | |
| C.J. KLAUSNER, MITCHELL W. | § | |
| CRENSHAW, CHARLES D. HURLEY, | § | |
| SPENCER M. COKER, RAMUDO | § | |
| MANTALVO JR., J.D. WALTMON, | § | |
| RAY A. PEARSON, JERRY MONTGOMERY, | § | |
| JEFFREY A. OLESEN, ROGELIO RODRIGUEZ, | § | |
| RAMSEY VELEZ, DON SIMERLY, | § | |
| ANDREW J. WASHINGTON, CRAIG BIGGER, | § | HARRIS COUNTY, TEXAS |
| DONALD J. CULAK, RICHARD V. WILSON, | § | |
| MICHAEL L. SKILLERN, DEREK P. FOLLIS, | § | |
| JAMES L. CROWSER, OSCAR H. ORTEGON | § | |
| SR., RONALD L. DAVISON, THERESA CURRY | § | |
| DAN SPJUT, E.L. WHITAKER, | § | |
| FRANCES ORTIZ, THOMAS P. NULL | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF HOUSTON | § | _____ JUDICIAL COURT |

334

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Plaintiffs, GLENN SHEPHERD, THOMAS SPJUT, GREGORY D.

BROWN, T.F. BIELSKI , TIMOTHY D. BAYNES, VICTOR S. GARZA, C.J. KLAUSNER,

MITCHELL W. CRENSHAW, CHARLES D. HURLEY, SPENCER M. COKER, RAMUDO

MANTALVO JR., J.D. WALTMON, RAY A. PEARSON, JERRY MONTGOMERY, JEFFREY

A. OLESEN, ROGELIO  RODRIGUEZ, RAMSEY VELEZ, DON SIMERLY,  ANDREW J.

WASHINGTON, CRAIG BIGGER, DONALD J. CULAK, RICHARD V. WILSON, MICHAEL

L. SKILLERN, DEREK P. FOLLIS, JAMES L. CROWSER, OSCAR H. ORTEGON  SR.,

RONALD L. DAVISON, THERESA CURRY, DAN SPJUT, E.L. WHITAKER, FRANCES ORTIZ

and THOMAS P. NULL and file this their Original Petition c                     : City of

Houston (hereinafter referred to as "The City" ) and in suppc             ie court

the following:

## I
## PARTIES

Plaintiffs are all residents of Harris County, Texas.

Defendant The City of Houston, is a municipality of Harris County. The incident made the

basis of this suit arose in whole or in part out of business transacted in Texas by this Defendant.

Service upon The City of Houston can be made upon the Mayor, Bill White at his office located at

900 Bagby, Houston, Texas 77002.  The Clerk is requested to issue citation at this time.

## II
## DISCOVERY TRACK

Plaintiffs intend to conduct discovery under level 3 as provided in Rule 190 of the Texas

Rules of Civil Procedure.

## III
## VENUE

The controversy relating to the above entitled and numbered cause of action falls within this

Court's general jurisdiction, and the amount in controversy in this case exceeds the Court's minimum

jurisdictional limits.  Venue is proper in this case since the Plaintiffs are residents of Harris County,

Texas and the basis of the cause of action brought by the Plaintiffs arose in Harris County, Texas.

## IV
## PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

The Plaintiffs are employees of the named Defendant. Plaintiffs are Houston Police Officers

who hold the rank of Sergeant and above.  In June of 2001, Plaintiffs agreed , by and through a meet

and confer agreement, that their positions would be classified as "Exempt" for the purposes of overtime. In exchange for this agreement, Plaintiffs were allowed to claim Exempt Time Compensation. Exempt Time Compensation was valuable to the Plaintiffs because it impacted their retirement compensation favorably. In July of 2004, The City informed the Plaintiffs that the meet and confer agreement would no longer be honored by The City starting on August 23, 2004. The City announced unilaterally that Plaintiffs would no longer be eligible for Exempt Time Compensation and would instead be paid overtime for hours worked over 40 hours a week. But for the meet and confer agreement, the Plaintiffs would have been eligible for overtime compensation for hours worked over 40 per week since June of 2001 pursuant to the Fair Labor Standards Act. The rejection of the meet and confer agreement and the loss of the eligibility for Exempt Time Compensation results in the Plaintiffs losing the benefit of enhancing their retirement benefits and the loss of overtime compensation for the time period of June 2001 to August 23, 2004. Plaintiffs all worked over 40 hours a week between June of 2001 and August 23, 2004. Plaintiffs were not paid overtime in accordance with the Fair Labor Standards Act during this time period. The loss of the continued ability to claim Exempt Time Compensation until the time of retirement renders the consideration for the meet and confer agreement valueless to the Plaintiffs. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work. See 29 U.S.C. 207(a). Plaintiffs are non-exempt employees who have been denied overtime pay as required by law, and file this action to recover unpaid overtime compensation owed to them for the three year period prior to August 23, 2004. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. 203(d). At all material times, Defendant has been an enterprise within the meaning of 3(r) of the

FLSA. 29 U.S.C. 203(r). At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 USC 206-207. Defendant's method of paying Plaintiffs was not based on a good faith and reasonable belief that its conduct was in compliance with the FLSA.

## V
## CAUSES OF ACTION

The named Defendant's refusal to pay overtime is a violation of the Fair Labor Standards Act including but not limited to 29 U.S.C. 206,207 and 215(a) (3). None of the exceptions provided by the federal statutes regulating the duty of employers to pay overtime at a rate not less that one and a half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs.

## VI
## DAMAGES AND REMEDIES SOUGHT

Plaintiffs individually and on behalf of all similarly situated employees seek all statutory, common law and equitable remedies to which they are entitled including but not limited to the following:

a.     Back Pay for unpaid overtime;

b.     Liquidated Damages;

c.     Attorney's Fees and Costs of Court;

d.     Injunctive Relief Prohibiting any retaliation against Plaintiffs who are presently employed by the Defendant both during the pendency of this litigation and after the conclusion of this litigation. Plaintiffs pray that the Defendant be enjoined from any form of retaliation against presently employed Plaintiffs including but not limited to, termination, reduction in wage, reduction

of hours worked, harassment, intimidation, threats or actions taken concerning the immigration status of the Plaintiffs or any other activity designed to cause an adverse effect upon the Plaintiffs in an effort to cause the Plaintiffs to abandon or compromise their claims;

     e.     Injunctive relief commanding the Defendant to comply fully with the Fair Labor Standards Act as it applies to all employees in the future.

## VIII
## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

## IX
## CONDITIONS PRECEDENT

All conditions precedent either have occurred or have been performed prior to the filing of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited and caused to appear before this court and upon full trial of all issues that Plaintiffs be accorded full relief including but not limited to over time back pay, liquidated damages, attorney's fees and court costs, injunctive relief, pre-judgment and post judgement interest and any other relief or remedy to which they prove they are entitled.

Respectfully Submitted,

THE KERENSKY LAW FIRM

MICHAEL KERENSKY
SBN: 11331500
5300 Memorial, Suite 950
Houston, Texas 77007
(713)522-8686: Telephone
(713)522-6925: Telecopier


_Jeffrey Marsh - with permission Mu_
JEFFREY MARSH

ATTORNEYS FOR THE PLAINTIFFS

CAUSE NO. 200524125

RECEIPT NO. 227048     50.00     CO1
04-11-2005              TR # 71900493

PLAINTIFF: SHEPHERD, GLENN          In The 334th
  vs.                               Judicial District Court
DEFENDANT: CITY OF HOUSTON          of Harris County, Texas
                                    334TH DISTRICT COURT
                                    Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: CITY OF HOUSTON BY SERVING THE MAYOR BILL WHITE
    900 BAGBY HOUSTON TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of April, 2005, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of April, 2005, under my hand and seal of said Court.

Issued at request of:          CHARLES BACARISSE, District Clerk
KERENSKY, MICHAEL              Harris County, Texas
5300 MEMORIAL #950             301 Fannin      Houston, Texas 77002
HOUSTON, TX 77007              (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 522-8686
Bar No.: 11331500             BY  _Madelyn Braden_
                             Deputy BRADEN, MADELYN MARI 4JU/RGX/7164866

OFFICER/AUTHORIZED PERSON RETURN

CONSTABLE'S RETURN

Came to hand on the 19 day of APRIL A.D. 2005 at 9 4 4 o'clock A M.
and executed in Harris County, Texas, by delivering to each of the within named defendants, in person, a true copy of this CITATION

PLAINTIFF'S ORIGINAL PETITION

at the following times and places, to-wit:

NAME By Summoning City of Houston By Delivering To Mayor Bill White By Delivering To Anna Russell, City Secretary.

| DATE | | | TIME | | | ADDRESS OF SERVICE |
|---|---|---|---|---|---|---|
| Month | Day | Year | Hour | Min. | M | |
| 4 | 19 | 2005 | 2 | 20 | Pm | 900 Bagby, Houston, Tx 77002 |

FEES - Serving _____ 1 ___ X : 50.00

JACK F. ABERCIA
Constable, Precinct No. 1, Harris County, Texas

By _____ 1C67 Deputy

CAUSE NO. 2005-24125

| | |
|---|---|
| GLENN SHEPHERD, THOMAS SPJUT, § | IN THE DISTRICT COURT |
| GREGORY D. BROWN, T.F. BIELSKI, § | OF HARRIS COUNTY, TEXAS |
| TIMOTHY D. BAYNES, VICTOR S. § | |
| GARZA, C.J. KLAUSNER, MITCHELL W. § | |
| CRENSHAW, CHARLES D. HURLEY, § | |
| SPENCER M. COKER, RAMUDO § | |
| MANTALVO JR., J.D. WALTMON, RAY § | |
| A. OLESEN, ROGELIO RODRIGUEZ, § | |
| RAMSEY VELEZ, DON SIMERLY, § | |
| ANDREW J. WASHINGTON, CRAIG § | |
| BIGGER, DONALD J. CULAK, RICHARD § | |
| V. WILSON, MICHAEL L. SKILLERN, § | |
| DEREK P. FOLLIS, JAMES L. CROWSER § | |
| OSCAR H. ORTEGON SR., RONALD L. § | |
| DAVISON, THERESA CURRY, DAN § | |
| SPJUT, E.L. WHITAKER, FRANCES § | |
| ORTIZ, THOMAS P. NULL § | |
| *Plaintiffs,* § | |
| VS. § | |
| § | |
| THE CITY OF HOUSTON, § | 334TH JUDICIAL DISTRICT |
| *Defendant.* § | |

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, the City of Houston ("City"), and files Defendant's Affirmative Defenses and Answer to Plaintiffs' Original Petition and would show the court as follows:

### Affirmative Defenses

*First Defense*

The City affirmatively pleads and/or claims all of the exceptions and exemptions from, and limitations on liability provided by the Texas Tort Claims Act, Section 101.001 et. seq., Texas Civil Practice and Remedies Code, including the notice requirement of Section 101.001 thereof.

*Second Defense*

The City of Houston is entitled to Governmental immunity against any claim that is not specifically allowed under statutory action.

### General Denial

Pursuant to Tex.R.Civ.P. 92, Defendant denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof.

### Prayer

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiffs take nothing by this suit and that the Petition be dismissed and Defendant be awarded its costs, and such other relief at law and in equity to which it may be justly entitled.

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

CONSTANCE K. ACOSTA
Senior Assistant City Attorney

By: _____
    MARCUS L. DOBBS
    Senior Assistant City Attorney
    SBN 05921500
    P.O. Box 1562
    Houston, TX 77251
    (713) 247-1517 (Voice)
    (713) 247-1017 (FAX)
    ATTORNEY-IN-CHARGE FOR
    DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Affirmative Defenses and Answer has been served upon Michael Kerensky, The Kerensky Law Firm, 5300 Memorial, Suite 950, Houston, Texas 77007 by depositing a copy of same in the U. S. Mail, certified return receipt requested, on 16th day of May 2005.

MARCUS L. DOBBS

H:\DOBBS\LAWSUIT\SHEPHERD\ANSWER.WPD

# 2005-24125

FILED: ____ 04/11/2005 ____

SHEPHERD, GLENN

PLAINTIFFS

KERENSKY, MICHAEL

Attorney _____

## NATURE OF ACTION

DAMAGES (OTH) _____

VS.

CITY OF HOUSTON _____

DEFENDANTS

Attorney _____

SURETIES ON COST BOND: _____

Jury Fee Paid By: _____

SETTINGS

GENERAL ORDER OF THE COURT ____ 334TH ____

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** Glenn Shepherd, Thomas Spjut, Gregory D. Brown, T.F. Bielski, Timothy D. Baynes, Victor S.Garza, C.J. Klausner, Mitchell W. Crenshaw, Charles D. Hurley, Spencer M. Coker, Ramudo Mantalvo Jr., et. al.

**DEFENDANTS**

The City of Houston

# H 05 -1793

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Harris__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Harris__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Kerensky
The Kerensky Firm
5300 Memorial,  Ste. 950
Houston, Texas 77007
(713) 522-8686;(713) 522-6925 Fax

ATTORNEYS (IF KNOWN)
Marcus L. Dobbs
City of Houston, Legal Department
P.O. Box 1562
Houston, Texas 77251 ((713) 247-1517

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FLSA, 29 USC 201, et.seq.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 5-19-05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT