UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLENN SHEPHERD, *et al*, | } |
| | } |
| Plaintiffs, | } |
| | } |
| VS. | }   CIVIL ACTION NO. H-05-1793 |
| | } |
| THE CITY OF HOUSTON, | } |
| | } |
| Defendant. | } |

### OPINION MEMORANDUM AND ORDER

Pending before the court are Plaintiffs' Attorney of Record Michael W. Kerensky's ("Kerensky" or "Counsel") resubmitted motion to withdraw as counsel in this case as to T.F. Bielsk, Glenn Shepherd, Frances Ortiz, Charles D. Hurley, Spencer M. Coker, Raymundo Montalvo Jr., J.D. Waltmon, Ray A. Rearson, James L. Crowser, Thomas Null, Jeffrey Olesen, and Gregory Brown (Doc. 34), and Defendant City of Houston ("City's") reurged motion for discovery sanctions, or, alternatively, motion for involuntary dismissal (Doc. 35), and its motion to modify the scheduling order (Doc. 24).

For the reasons explained below, the court ORDERS that Kerensky's resubmitted motion to withdraw as counsel (Doc. 34) is GRANTED; that City's reurged motion for discovery sanctions, or, alternatively, motion for involuntary dismissal (Doc. 35) is GRANTED IN PART and DENIED IN PART, and its motion to modify the scheduling order (Doc. 24) is GRANTED.

In response to this court's order (Doc. 33) to give good cause for withdrawing as counsel, Kerensky represented that letters had been sent to all of the above-referenced plaintiffs on August 21, 2006. The letters asked these plaintiffs to sign and return them, indicating whether they wished to continue to pursue this case. T.F. Bielsk, Glenn Shepherd, Frances Ortiz,

Charles D. Hurley, Spencer M. Coker, Raymundo Montalvo Jr., J.D. Waltmon, Ray A. Rearson, James L. Crowser, and Thomas Null (collectively "Non-responsive Plaintiffs") did not respond. Counsel attempted to reach these plaintiffs by phone without success. Counsel sent additional letters on September 21, 2006, with notice that he would be forced to withdraw if the Non-responsive Plaintiffs did not respond by September 29, 2006. None responded. Kerensky's first motion to withdraw as counsel was submitted and sent to these plaintiffs. For Plaintiff Jeffrey Oleson ("Oleson"), the first letter was returned undelivered. Attempts to call Oleson were unsuccessful because the number he had provided was no longer valid. Another letter was sent on October 30, 2006, and Oleson did not respond. Kerensky's second motion to withdraw was submitted and forwarded to Oleson. To date, neither Kerensky nor the court has received notice in opposition as to the withdrawal of counsel from either the Non-responsive Plaintiffs or Oleson. Plaintiff Gregory Brown ("Brown") consented to Kerensky's motion to withdraw as counsel. Therefore, the court finds that Counsel has provided good cause for his application to withdraw representation from the Non-responsive Plaintiffs, Oleson, and Brown, and the court grants the same.

For many of these same reasons, City's motion to dismiss these plaintiffs for failure to prosecute is meritorious. A district court does not abuse its discretion in granting dismissals "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Tello v. Comm'r*, 410 F.3d 743, 735 (5th Cir. 2005) (per curiam) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)); *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 n.3 (5th Cir. 2006) (noting that the standard used in *Rogers v.*

*Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982), is slightly different but that the *Rogers* standard applies in cases where the plaintiff has failed to serve process and the limitations period expired during the plaintiff's delay). Generally, at least one of three aggravating factors should be present to permit an involuntary dismissal under Rule 41(b): (1) plaintiff caused the delay himself, (2) actual prejudice to the defendant, and/or (3) intentional conduct caused the delay. *Tello*, 410 F.3d at 735-36. Here, there is a clear record of delay by the Non-responsive Plaintiffs, Oleson, and Brown. On September 20, 2006, the court entered an order (Doc. 23) compelling Plaintiffs to provide the City with "full and complete responses to the Interrogatories and Requests for Production served by Defendant on Plaintiffs on June 9, 2006" within twenty (20) days of the order's entry. To date, none has complied with this order. Furthermore, all of these plaintiffs have refused to assist their counsel in prosecuting this case. This demonstrates that at least two of the "aggravating factors" are present in this case, i.e., that plaintiffs themselves have intentionally caused the delay by failing to cooperate with counsel and by willfully refusing to obey court orders. Nevertheless, because these plaintiffs are now proceeding *pro se*, the court will provide one more opportunity for the Non-responsive Plaintiffs, Oleson, and Brown to explain their delay of prosecution and their failure to follow court orders.

City has also requested that this sanction and/or dismissal include Plaintiff Donald Culak ("Culak"). Culak did respond to Defendant's discovery requests, albeit 23 days past the deadline imposed by the court's order. Moreover, Culak's counsel made attempts to schedule Culak's deposition during September and October of 2006. Therefore, the court finds that Culak's conduct does not merit the extreme sanction of striking his pleadings or dismissing him from the case entirely.

Accordingly, it is hereby

**ORDERED** that Kerensky's resubmitted motion to withdraw as counsel in this case as to T.F. Bielsk, Glenn Shepherd, Frances Ortiz, Charles D. Hurley, Spencer M. Coker, Raymundo Montalvo Jr., J.D. Waltmon, Ray A. Rearson, James L. Crowser, Thomas Null, Jeffrey Olesen, and Gregory Brown (Doc. 34) is **GRANTED**.

**ORDERED** that City's reurged motion for discovery sanctions, or, alternatively, motion for involuntary dismissal (Doc. 35) is **GRANTED IN PART and DENIED IN PART**. T.F. Bielsk, Glenn Shepherd, Frances Ortiz, Charles D. Hurley, Spencer M. Coker, Raymundo Montalvo Jr., J.D. Waltmon, Ray A. Rearson, James L. Crowser, Thomas Null, Jeffrey Olesen, and Gregory Brown shall be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this action and for failure to follow orders of the court **within thirty (30) days of entry of this Order**, unless said plaintiffs provide written notice to the court in opposition, including an explanation as to the delay and failure to follow court orders.

**ORDERED** that City's motion to amend the scheduling order (Doc. 24) is **GRANTED** to the extent that the parties shall immediately schedule Culak's deposition for mutually convenient dates and times, and such depositions shall be completed **within thirty (30) days of entry of this Order**. To give the parties additional time to prepare for trial, the following deadlines have been extended:

| | |
|---|---|
| **Joint Pretrial Order** must be filed by: | **April 16, 2007** |
| **Docket Call** is set for 1:30 p.m. on: | **April 27, 2007** |
| **Trial** is set for the two weeks starting: | **April 30, 2007** |

It is further ORDERED that the Clerk shall mail a copy of this order, certified mail, return receipt requested to each named plaintiff.

Signed at Houston, Texas, this 28th day of February, 2007.

_____
Melinda Harmon
United States District Judge